UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| In re: | ) | |
|---|---|---|
| | ) | |
| MILKA E. SANTANA, | ) | Chapter 7 |
| | ) | Case No. 14-11041 |
| Debtor | ) | |
| | ) | |

UNITED STATES TRUSTEE'S MOTION FOR RETURN OF FEES, INJUNCTIVE RELIEF, AND CIVIL PENALTIES, INCLUDING SUSPENSION OF CM/ECF PRIVILEGES

William K. Harrington, the United States Trustee for Region One ("United States Trustee"), by and through counsel represents as follows:

Jurisdiction and Venue

1. This motion is filed pursuant to 11 U.S.C. §§ 105, 329, and 526; Fed. R. Bankr. P. 2016, 2017, and 5005; and R.I. L.B.R. 2016-2, 2017-1, and 5005-4. This Court has jurisdiction to hear this matter under 28 U.S.C. §§ 157(a) and 1334, and 11 U.S.C. §§ 105, 329 and 526.

2. Venue is proper under 28 U.S.C. § 1409(a).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The United States Trustee has standing to bring this action and to be heard under 11 U.S.C. §§ 105, 307, 329 and 526.

Facts

4. Thomas J. Howard, Jr. is an attorney and partner of a general partnership known as Aurora Law, located at 40 Webb St. Cranston, RI. 02920-7923.

5. Dawn M. Thurston, also known as Dawn M. Vigue Thurston, is an attorney and partner of a general partnership known as Aurora Law, located at 40 Webb St. Cranston, RI. 02920-7930.

6. Attorney Thomas Howard and Attorney Dawn Thurston are partners doing business using the name Aurora Law.

7. The debtor in this case is Milka E. Santana ("Debtor"). The Debtor's residential address is 70 Osborn St., Apt 1 Providence, RI 02908

8. The Debtor is an assisted person pursuant to 11 U.S.C. § 101(3).

9. Aurora Law provided "bankruptcy assistance" to the Debtor pursuant to 11 U.S.C. § 101(4)(A).

10. Aurora Law is a debt relief agency as that term is defined under 11 U.S.C. § 101(12)(A).

11. Attorney Howard provided "bankruptcy assistance" to the Debtor pursuant to 11 U.S.C. § 101(4)(A).

12. Attorney Howard is a debt relief agency as that term is defined under 11 U.S.C. § 101(12)(A).

13. Attorney Thurston provided "bankruptcy assistance" to the Debtor pursuant to 11 U.S.C. § 101(4)(A).

14. Attorney Thurston is a debt relief agency as that term is defined under 11 U.S.C. § 101(12)(A).

15. On March 12, 2014, the Debtor paid $1,500 to Attorney Thurston and Aurora Law for bankruptcy fees and costs. Attorney Thurston prepared and signed a receipt for the $1,500. A true and accurate copy of that receipt is attached hereto as Exhibit #1.

16. Attorney Thurston prepared and signed Exhibit #1 indicating "paid in full" on March 12, 2014.

17. On March 12, 2014, the Debtor signed a bankruptcy fee agreement prepared by

Attorney Thurston. A true and accurate copy of the fee agreement is attached hereto as <u>Exhibit #2.</u>

19. 18. Attorney Howard filed a voluntary petition on behalf of the Debtor on May 1, 2014.

19. On May 1, 2014, Attorney Howard filed an Application for Individuals to Pay the Filing Fee in Installments ("Installment Application"). *See* Doc.#3 attached hereto as <u>Exhibit #3</u>.

20. The Installment Application filed on May 1, 2014 bears an electronic signature of the Debtor, "/s/ Milka E Santana."

21. The Installment Application was not signed by the Debtor on or before May 1, 2014.

22. The Installment Application was filed without the knowledge or authority of the Debtor.

23. By filing the Installment Application on May 1, 2014 on behalf of the Debtor with "/s/ Milka E. Santana," Attorney Howard and Aurora Law represented to this Court that the Debtor had signed the Installment Application.

24. The Order entered by the Court on February 28, 2014 in the case of *In re Holly* 13-10985 at Doc.# 97 requires that Attorneys Howard and Thurston file scanned original signatures with the Court when they file pleadings and applications that require signatures, including without limitations the signature page of an application to pay filing fee in installments.

25. On May 19, 2014, Attorney Howard filed scanned original signature pages including the original signature page for the Installment Application filed (Doc. #20) which is the scanned original page of the Installment Application. A true and accurate copy of Doc. #20

is attached hereto as Exhibit #4.

26. The Debtor signed Exhibit #4 on May 19, 2014. The Debtor had not signed the Installment Application when it was filed by Attorney Howard on May 1, 2014.

27. The Debtor testified during a Rule 2004 examination conducted on August 6, 2014, that she paid all of her bankruptcy fees and costs on March 12, 2014. The Debtor further testified that she had not authorized the filing of the Installment Application. The Debtor did sign Exhibit #4 on May 19, 2014 at the request of her counsel.

*Filing of Untrue and Misleading Document and Failure to Obtain Original Signature*

28. The Installment Application filed on May 1, 2014 was not authorized by the Debtor. The Application was untrue, misleading and a fraud on the Court.

29. The Debtor paid all of her "fees and costs" on March 12, 2014. *See* Exhibit 1.

30. Attorney Howard and Aurora Law prepared and filed using the Court's cm/ecf system the Application with the Debtor's electronic signatures in violation of R.I. L.B.R. 5005-4(j).

31. At the time the Application was filed with this Court Attorney Howard knew or should have known that the Debtor had not signed the Application and in fact had paid all of her "fees and costs" as reflected on Exhibit 1 and Exhibit 2.

32. Improper filings by Aurora Law and its partners are not limited to the Debtor's case. *See* consent order entered in this Court *In re Holly 13-10985* at Doc. # 94 and 97 ("Holly Order"). A true and correct copy of that consent order and supplemental order entered by this Court are attached as Exhibit #5.

33. Attorney Howard at all times relevant to this case had actual knowledge of the entry of the Holly Order and its contents.

4

34. Attorney Howard and Aurora Law are persons acting in concert with Attorney Thurston.

35. The unauthorized filing of the Installment Application in this case was done in violation of 11 U.S.C. §526(a)(2) and R.I. L.B.R. 5005-4(j).  In addition, it violates the specific injunction against such behavior in the Holly Order by Attorney Thurston and any person acting in concert with her.

36. The United States Trustee contemporaneous with this motion will file a separate motion for entry of default under the terms of the Holly Order and a separate judgment for the payment of the suspended fines in that case.

*Filing an Application to pay filing fee in installments when fee already collected*

37. The receipt signed by Attorney Thurston and provided to the Debtor, Exhibit 1, is clear "legal fees and costs" were $1,500 and "paid in full."

38. Notwithstanding the fact that the Debtor had paid her Court filing fee to Aurora Law, Attorney Howard caused the Installment Application to be filed.

39. The filing of the Installment Application in addition to being unauthorized is in direct violation of the Holly Order enjoining such practice by Attorney Thurston and persons acting in concert with her.

Relief Requested

A. **Cancellation of Any Fee Agreement and Return of Compensation -  11 U.S.C. § 329 and Fed. R. Bankr. P. 2017**

40. Under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017, the Court may examine the reasonableness of compensation paid to an attorney and order the return of amounts that are not reasonable.  The Court also may order the cancellation of any fee agreement.

41. The reasonable value of the services that Attorney Howard and Aurora Law provided to the Debtor is zero.

42. The Court should cancel any agreement among Aurora Law, Attorney Howard and the Debtor and order the return of all compensation paid in connection with this case to the Debtor or the chapter 7 trustee, as appropriate.

### B. Injunction Prohibiting Continued Violation of 11 U.S.C. § 526

43. Pursuant to 11 U.S.C. § 526(c)(5)(A), the Court may enjoin the violation of 11 U.S.C. § 526 if the Court finds that a person intentionally violated 11 U.S.C. § 526 or engaged in a clear and consistent pattern or practice of violating that section.

44. 11 U.S.C. § 526(a)(2) prohibits a debt relief agency from making untrue or misleading statements in documents filed with the court, or that upon the exercise of reasonable care, the debt relief agency should have known to be untrue or misleading.

45. Attorney Howard and Aurora Law repeatedly and intentionally violated 11 U.S.C. § 526(a)(2) by representing to the Court that the Debtor and other debtors had signed documents filed with the Court when the Debtor and other debtors had not actually signed those documents.

46. The Court should enjoin Attorney Howard and Aurora Law from continuing to violate 11 U.S.C. § 526 by representing that debtors have signed documents filed with the Court when in fact such documents have not been signed and further extend the existing injunction against Attorney Thurston.

### C. Sanctions for Violations of 11 U.S.C. § 526

47. Pursuant to 11 U.S.C. § 526(c)(5)(B), the Court may impose an appropriate civil penalty against a person who intentionally violated 11 U.S.C. § 526 or engaged in a clear and

consistent pattern or practice of violating 11 U.S.C. § 526.

48.     Under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 5005(a)(2), and Local Rule 5005-4(b)(2)(C)(iv), the Court may revoke or suspend an electronic filer's password and therefore his or her ability to electronically file documents if the Court determines that the electronic filer failed to comply with electronic case filing rules or misused the electronic case filing system. The Court also may revoke an electronic filer's password as a sanction after notice and opportunity for hearing.

49.     As previously described, Attorney Howard, Attorney Thurston and Aurora Law intentionally violated 11 U.S.C. § 526 and engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526 and the Holly Order.

50.     The Court should impose a civil penalty against Attorney Howard, Attorney Thurston and Aurora Law consisting of 1) a monetary civil fine payable to the United States Trustee; 2) suspension of Attorney Howard's electronic case filing privileges for two years or such different period of time specified by the Court; extend the suspension of Attorney Thurston's electronic case filing privileges for two years and 3) such additional civil penalty as the Court deems appropriate.

WHEREFORE, the United States Trustee prays that the Court i) Order the payment of an appropriate monetary civil fine to the United States Trustee; ii) Order Attorney Howard and Attorney Thurston to disgorge all fees paid to the Debtor and to file an affidavit with this Court within seven days of the granting of this motion attesting to the return of all fees to the Debtor; iii) Order that Attorney Howard and Attorney Thurston be enjoined from future violation of 11 U.S.C. § 526; iv); Ordering the suspension of Attorney Howard's and Attorney Thurston's cm/ecf filing privileges for two years or such different period of time specified by the Court; and v) such other and further relief as justice demands.

                                  Respectfully submitted,

                                  WILLIAM K. HARRINGTON
                                  United States Trustee

Dated: October 22, 2014        By:    /s/ Gary L. Donahue
                                             Gary L. Donahue
                                             Assistant U.S. Trustee
                                             U.S. Department of Justice
                                             10 Dorrance Street, Suite 910
                                             Providence, RI  02903
                                             Tel: (401) 528-5551
                                             Fax: (401) 528-5163

WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(F) IF SERVED BY MAIL, ANY PARTY AGAINST WHOM SUCH PAPER HAS BEEN SERVED, OR ANY OTHER PARTY WHO OBJECTS TO THE RELIEF SOUGHT, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO SAID PAPER WITH THE BANKRUPTCY COURT CLERK'S OFFICE, 380 WESTMINSTER STREET, 6TH FLOOR, PROVIDENCE, RI 02903, (401) 626-3100. IF NO OBJECTION OR OTHER RESPONSE IS TIMELY FILED, THE PAPER WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED UNLESS: (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 22, 2014, true and correct copies of the foregoing Motion were served via the U.S. Bankruptcy Court's CM/ECF filing system or by United States mail, First Class postage pre-paid to those persons not appearing on the Court's receipt of electronic filing.

- Stacy B. Ferrara    stacyferrara@earthlink.net, RI11@ecfcbis.com;sferraralaw@hotmail.com
- Thomas J. Howard    bankruptcy2011@gmail.com, bankruptcy2012@gmail.com;tjhesquire@yahoo.com

                                            /s/ Gary L. Donahue