**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

---

| | |
|---|---|
| In the Matter of THOMAS J. HOWARD, JR. | U.S. District Court (D.R.I.) MISC. 14-110ML |

---

| | |
|---|---|
| In re  MILKA E. SANTANA<br>Debtor | BK No: 14-11041<br>Chapter 7 |

---

## REPORT AND RECOMMENDATION

This Report and Recommendation ("R&R") is submitted to the United States District Court for the District of Rhode Island ("District Court") pursuant to the District Court's Order of Referral dated December 5, 2014 ("Referral Order") in the District Court miscellaneous case of *In the Matter of Thomas J. Howard, Jr.*, Misc. 14-110ML. The Referral Order directed me to submit to the District Court "findings of fact and recommendations for disposition" of the United States Trustee's Motion for Return of Fees, Injunctive Relief, and Civil Penalties, Including Suspension of CM/ECF Privileges (the "UST Motion"). The UST Motion was filed against attorney Thomas J. Howard, Jr. ("Attorney Howard"), the debtor's counsel in the bankruptcy case of *In re Milka E. Santana*, BK No. 14-11041, pursuant to Bankruptcy Code § 526.[1] *See In re Santana*, Doc. #39.

### I.    JURISDICTION

This Court has jurisdiction over this matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334, 11 U.S.C. §§ 105, 329 and 526, and the Referral Order.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Code," "Chapter," "Section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

## II.     BACKGROUND

### A. The UST Motions

On September 17, 2013, in the Rhode Island bankruptcy case of *In re Holly*, BK 13-10985 (the "*Holly* Case"), the United States Trustee for Region One (the "UST") pursuant to Bankruptcy Code § 526 filed a motion seeking the return of fees, injunctive relief, civil penalties, and suspension of CM/ECF privileges against Attorney Howard's law partner Dawn M. Thurston (also known as Dawn M. Vigue Thurston) ("Attorney Thurston"). *See In re Holly*, Doc. #61.[2] The UST alleged that Attorney Thurston filed the bankruptcy petition in that case bearing the debtors' electronic signatures (i.e. /s/ followed by the debtors' typed names), thereby representing to this Court that the debtors had signed the petition, when in fact the debtors had not actually signed the petition before it was filed. *Id.* ¶¶ 9, 10.

The UST also alleged that Attorney Thurston filed in that case, as well as in other cases, numerous other documents bearing clients' electronic signatures without first obtaining the clients' actual signatures on the documents, and that she had engaged in a pattern or practice of such conduct in violation of Federal Rule of Bankruptcy Procedure 1008 and Rhode Island Local Bankruptcy Rule 5005-4(j). *Id.* ¶¶ 11, 14, 15. In that same motion, the UST further alleged that Attorney Thurston had filed inaccurate disclosures of compensation in the *Holly* Case and in other cases, had engaged in a pattern or practice of filing inaccurate applications to pay filing fees in installments, and had failed to provide clients with notices and disclosures required by the Bankruptcy Code. *Id.* ¶¶ 16-28.

---

[2] Unless otherwise indicated, all docket references herein are to the dockets in the respective *Holly* and *Santana* bankruptcy cases pending before this Court.

Ultimately, the UST and Attorney Thurston agreed to a consent order which was entered by this Court, granting the UST's motion. *See In re Holly*, Doc. #94 (amended consent order) and Doc. #97 (supplemental order) (collectively the "*Holly* Order"). In the *Holly* Order, Attorney Thurston acknowledged that she "engaged in a pattern or practice of filing petitions, schedules and documents with this Court without obtaining ink signatures of the respective debtors." *Id*. at Doc. #94 ¶ 8. Among other provisions, Attorney Thurston "and any person acting in concert with her directly or indirectly" were permanently enjoined from (1) "filing with the U.S. Bankruptcy Court petitions, lists, schedules, statements, amendments and documents that have not been verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746 without first obtaining original signatures of the debtors and future bankruptcy debtor clients," (2) "violating R.I. LBR 5005-4(j) by failing to retain the original documents containing the original signatures of bankruptcy debtor clients for two (2) years after their bankruptcy cases are closed," and (3) "filing applications to pay filing fees in installments in cases where she has collected the filing fee prior to filing a bankruptcy case." *Id.* at Doc. #94 p.4.

It also was ordered that Attorney Thurston pay a fine of $10,000 to the UST, the collection of which the UST agreed to forebear so long as Attorney Thurston was in compliance with the *Holly* Order. *Id.* at Doc. #94 pp.4-5. It further directed that "Attorney Thurston, her agents, partners, servants, employees, associates, or any person or entity in active concert and participation with her shall attach scanned copies of documents bearing debtor(s)'s original signatures for those documents requiring verification pursuant to Fed. R. Bankr. P. 1008." *Id.* at Doc. #94 p.5; *see also id.* at Doc. #97. Finally, it was ordered that pursuant to Rhode Island Local Bankruptcy Rule 5005-4(b)(2)(C)(iv), the Clerk of this Court revoke Attorney Thurston's

3

CM/ECF electronic filing privileges for one year, and that the reinstatement of those privileges would be subject to Attorney Thurston's completion of certain continuing legal education requirements. *Id.* at Doc. #94 pp.5-6.[3]

Several months after the entry of the *Holly* Order, the UST Motion presently at issue was filed against Attorney Howard, seeking the return of fees, injunctive relief, civil penalties, and suspension of his CM/ECF filing privileges. *See In re Santana*, Doc. #39.[4] The UST Motion alleges that on May 1, 2014, Attorney Howard, while a partner of and practicing in the same law firm as Attorney Thurston, filed with the bankruptcy petition on behalf of Ms. Santana (the "Debtor") an application to pay the filing fee in installments. This application bore the Debtor's electronic signature, thereby representing to this Court that the Debtor had signed the application, but the UST alleges it was not signed by the Debtor when filed and in fact was filed without the knowledge or authority of the Debtor. *Id.* ¶¶ 18-23. This conduct by Attorney Howard, the UST asserts, violated the terms of the *Holly* Order as well as provisions of the Bankruptcy Code and the Local Bankruptcy Rules of this Court (as will be detailed below). *Id.* ¶¶ 35, 39.

After determining that the UST Motion could have a substantial impact on the continued admission of Attorney Howard to practice before the District Court, and consequently before this Court, I entered an order on November 17, 2014 referring this matter to the District Court for

---

[3] The *Holly* Order also provided that the revocation of Attorney Thurston's CM/ECF privileges would have no effect on the CM/ECF filing privileges of attorneys in partnership with her. *Id.* at Doc. #94 p.5.

[4] The UST Motion asserts allegations and requests relief against both Attorney Howard and Attorney Thurston. This R&R makes recommendations as to Attorney Howard only; a separate report and recommendation is being issued regarding Attorney Thurston.

consideration of possible disciplinary proceedings against Attorney Howard.[5] *Id.* at Doc. #46. The District Court, in turn, entered the Referral Order, referring the UST Motion to this Court "for findings of fact and recommendations for disposition." *Id.* at Doc. #48. On December 11, 2014, I held a pretrial conference with the parties, at which time both parties requested ninety days in which to conduct further discovery prior to an evidentiary hearing on the UST Motion. I granted that request and scheduled the evidentiary hearing for April 24, 2015.

### B. Intervening Events

On February 24, 2015, in a matter unrelated to this bankruptcy case, the Rhode Island Supreme Court suspended Attorney Howard from the practice of law in the State of Rhode Island for one year, commencing thirty days after entry of the suspension order (March 26, 2015). That Court directed that Attorney Howard, during this thirty-day period, cease representing clients in new cases and make arrangements for the orderly substitution of counsel of his clients' choosing in order to protect their interests. *In the Matter of Thomas J. Howard, Jr.*, No. 2015-24-M.P. (R.I. Feb. 24, 2015) ("RI Suspension Order"). Imposing reciprocal discipline, the District Court suspended Attorney Howard from the practice of law before the District Court "for a period of at least one year" effective March 30, 2015. *In the Matter of Thomas J. Howard, Jr.*, Misc. No. 15-027ML (D.R.I. Mar. 30, 2015).

Meanwhile, on March 17, 2015, the UST, Attorney Howard and his counsel representing him in this matter filed a proposed consent order to resolve the UST Motion, a copy of which is

---

[5] *See* R.I. LBR 9010-1(a) (stating that an attorney in good standing of the bar of the Supreme Court of Rhode Island and admitted to practice in the District Court is deemed admitted to practice in this Court); R.I. LBR 2090-2(b) ("In any matter in which a bankruptcy judge has reasonable cause to believe that an attorney has committed a violation of any canon or ethical rule, the bankruptcy judge may refer the attorney for disciplinary proceedings to the District Court pursuant to District Court Local Rule 210 and to any state disciplinary authority.").

annexed hereto and incorporated herein ("Consent Order"). *See In re Santana*, Doc. #57.[6]

Attorney Howard acknowledged that he has voluntarily entered into the Consent Order. Consent Order ¶¶ 9, 43. I held a hearing on the UST Motion and the Consent Order on April 1, 2015, at which hearing the UST and Attorney Howard and his counsel appeared, and I took the matter under advisement in order to issue my report to the District Court.

### III.    PROPOSED FINDINGS OF FACT

I accept as true the facts stipulated by the UST and Attorney Howard in the Consent Order, and my proposed findings of fact set forth below are based upon those agreed facts as well as certain admissions Attorney Howard made during the April 1 hearing. Those pertinent facts are as follows.

1.   Attorneys Howard and Thurston are attorneys who are also the partners in the general partnership known as Aurora Law under whose name both of them are doing business, formerly located at 40 Webb Street, Cranston, Rhode Island, and now located at 142 Putnam Pike, Johnston, Rhode Island.[7] Consent Order ¶¶ 2-4.

2.   The Debtor is an "assisted person" as defined by Bankruptcy Code § 101(3).[8] *Id.* ¶¶ 10-11.

3.   Attorney Howard, Attorney Thurston and Aurora Law are each a "debt relief agency" as defined by Section 101(12)(A) and provided "bankruptcy assistance" to the Debtor

---

[6] The identical Consent Orders were filed in this case and the *Holly* Case, bearing the captions of both cases. *See In re Holly*, Doc. #127, and *In re Santana*, Doc. #57.

[7] As noted, Attorney Howard is no longer authorized to practice law in the State of Rhode Island or before the District Court and this Court.

[8] Section 101(3) defines "assisted person" as "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $186,825."

as defined by Section 101(4)(A).[9] *Id.* ¶¶ 12-17.

4. On March 12, 2014, the Debtor signed a bankruptcy fee agreement prepared and signed by Attorney Thurston on behalf of Aurora Law and paid $1,500 to Attorney Thurston and Aurora Law for bankruptcy fees and costs, and Attorney Thurston prepared and signed a receipt for $1,500 indicating "legal fees & costs." *Id.* ¶¶ 18-20; *see also* UST Motion, Ex. 1.[10]

5. On May 1, 2014, Attorney Howard, using the bankruptcy court CM/ECF system, filed on behalf of the Debtor both a bankruptcy petition and an application to pay the filing fee in installments ("Installment Application") which bore the electronic signature of the Debtor (i.e. "/s/ Milka E. Santana"). The Installment Application represented that the Debtor did not have the ability to pay the filing fee in full. Consent Order ¶¶ 21-23.

6. By filing the Installment Application, Attorney Howard and Aurora Law represented to this Court that the Debtor had signed the Installment Application. *Id.* ¶ 24.

7. The Installment Application was untrue and misleading because, notwithstanding these representations, the Debtor had paid all of the fees and costs on March 12, 2014, the Installment Application was not signed by the Debtor on or before May 1, 2014, and the Installment Application was filed without the knowledge or authority of the Debtor. *Id.* ¶¶ 25-

---

[9] Section 101(12)(A) defines "debt relief agency" as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110 . . . ." In *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229 (2010), the Supreme Court unanimously held that attorneys who provide bankruptcy assistance to assisted persons are debt relief agencies as defined in Section 101(12)(A).

Section 101(4)(A) defines "bankruptcy assistance" as "any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title."

[10] The fee agreement executed by the Debtor and Aurora Law also contains the hand-written notations "$1,500 total-pd in* full," and "*Deduct filing fee 5/12/2014." Both notations bear the signature presumably of Attorney Thurston. UST Motion, Ex. 2.

26; 28-30.

8. At the time the Installment Application was filed, Attorney Howard should have known that the Debtor had not signed the Installment Application and that she had paid in full all of the legal fees and bankruptcy filing costs. *Id.* ¶ 31.[11]

9. Improper filings by Aurora Law and its partners Attorney Howard and Attorney Thurston are not limited to the Debtor's case. *See* the *Holly* Order (detailing other improper filings and requiring, among other things, Attorney Thurston *and any person acting in concert with her* to file scanned original debtor signatures with this Court when they file pleadings and applications that require a debtor's signature, including, without limitation, the signature page of an application to pay a filing fee in installments). *Id.* ¶¶ 27, 32.

10. Attorney Howard at all times relevant to this matter had actual knowledge of the entry of the *Holly* Order and its contents, and Attorney Howard and Aurora Law are persons acting in concert with Attorney Thurston. *Id.* ¶¶ 33-34.

11. Attorney Howard's unauthorized filing of the Installment Application violated Bankruptcy Code § 526(a)(2) and Rhode Island Local Bankruptcy Rule 5005-4(j).[12] In addition,

---

[11] The name "Howard" was inadvertently omitted from paragraph 31 of the Consent Order, which stated that "Attorney should have known . . . ." In open court at the April 1 hearing, counsel for both the UST and Attorney Howard orally amended that paragraph, without objection, to add the name "Howard." *See In re Santana*, Doc. #60 (audio file of April 1 hearing, at 1:11:35-1:12:40).

[12] Section 526(a)(2) provides: "A debt relief agency shall not make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading."

R.I. LBR 5005-4 ("Electronic Filing") states in subsection (j) ("Electronic Signatures and Retention of Original Signed Documents by Registered Users"):

> (1) Petitions, lists, schedules, statements, amendments, pleadings, affidavits, proofs of claim, stipulations and other documents which must contain original signatures, documents requiring verification

it violated the *Holly* Order's specific injunction against such behavior by Attorney Thurston, as well as Attorney Howard who was acting in concert with her. *Id.* ¶ 35.

12. By agreeing to the Consent Order, Attorney Howard admits: (a) that he has engaged in a pattern or practice of filing petitions, schedules and documents with this Court without obtaining required original signatures of his clients or clients of Aurora Law; and (b) that his admissions contained in the Consent Order might impact his ability to practice law both in the District Court and this Court. *Id.* ¶¶ 5, 39.

The following proposed findings of facts were not expressly agreed to in the Consent Order but were admitted by Attorney Howard at the April 1 hearing.

13. Attorney Howard did not fully comply with the RI Suspension Order, which specifically directed that during the thirty-day period from its issuance until the effective date of his suspension, Attorney Howard "shall conclude those pending client matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the clients' choice. He shall not take on any new matters." *In the Matter of Thomas J. Howard, Jr.*, No. 2015-24-M.P. (R.I. Feb. 24, 2015). Attorney Howard, both through his counsel and in his own testimony, conceded that he had not taken formal steps to transfer his remaining client matters to other counsel and to protect his clients in compliance with the Rhode Island Supreme

---

under FRBP 1008, and unsworn declarations under 28 U.S.C. § 1746, shall be filed electronically and bear "electronic signatures", including the /s/.

(2) Documents that are electronically filed and require original signatures other than that of the registered user must be maintained in paper form at least two years after the case is closed. This retention neither affects nor replaces any other retention period required by other laws or rules of procedure. The court may require the production of original documents for review by the court, a trustee, the U.S. Trustee, or any interested party.

Court's order; he had only informal oral communications with most of his clients. *See In re Santana*, Doc. #60 (audio file of April 1 hearing, at 1:00:27-1:00:45; 1:10:30-1:11:05).

14. In contravention of the RI Suspension Order, Attorney Howard on March 3, 2015 – a mere fourteen days before entering into the Consent Order, the terms of which would bar him from practice before this Court for two years – filed a new bankruptcy petition on behalf of a client. I take judicial notice of such filing in the bankruptcy case of *In re Marchetti*, BK No. 15-10388. *See In re Marchetti*, Doc. #1. In doing so, he not only flagrantly violated the RI Suspension Order but also placed his client at great risk, demonstrating a complete lack of common sense, competence and good faith.

## IV. RECOMMENDED CONCLUSIONS OF LAW

It is already agreed by the parties that Attorney Howard, through his conduct as set forth above, violated the express provisions of the *Holly* Order and the proscriptions of Bankruptcy Code § 526(a)(2) and Rhode Island Local Bankruptcy Rule 5005-4(j). I also conclude, and Attorney Howard did not refute, that he has violated several of the Rhode Island Supreme Court Rules of Professional Conduct ("Rules of Professional Conduct"), specifically Rules 1.1, 1.2, 1.4, 3.3 and 8.4. I address each of these rules as they are implicated by Attorney Howard's conduct in this matter.

Rule 1.1. Competence:

> A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

By filing the Installment Application without his client's signature and when all fees and costs had been paid by his client prior to the commencement of the bankruptcy case in direct

violation of the *Holly* Order, Attorney Howard, at the very least, demonstrated incompetence in the representation of this Debtor.

Rules 1.2 and 1.4 establish the constraints upon a lawyer's representation of a client and the authority between them.

Rule 1.2. Scope of representation and allocation of authority between client and lawyer:

> (a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. . . .[13]

Rule 1.4. Communication:

> (a) A lawyer shall
> . . .
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished . . .
> (3) keep the client reasonably informed about the status of the matter.

Attorney Howard admits that he neither discussed with the Debtor nor obtained her authorization to file the Installment Application. No surprise, given that the Debtor had in fact paid Aurora Law all costs relating to the case filing fee prior to the petition filing. Without any doubt his conduct here violated these rules.

Rules 3.3 and 8.4 proscribe misconduct attributable to an attorney's false, deceitful or fraudulent representations to a court or other tribunal.

---

[13] Paragraphs (c) and (d) of this rule provide:
> (c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.
> (d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

>Rule 3.3. Candor toward the tribunal:
>
>>(a) A lawyer shall not knowingly . . .
>>>(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.
>
>Rule 8.4. Misconduct:
>
>>It is professional misconduct for a lawyer to:
>>(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>>…
>>(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . .
>>(d) engage in conduct that is prejudicial to the administration of justice . . . .

Attorney Howard admits the falsity of the representations contained in the Installment Application and the fraud committed upon this Court by the filing of this untrue and misleading document. Such misrepresentations were prejudicial to the administration of the Debtor's case and violated the mandates of candor to a tribunal set forth in Rule 3.3(a) and fall squarely within the misconduct provisions of Rule 8.4(a), (c) and (d). Additionally, Attorney Howard has engaged in conduct prejudicial to both his clients and to the administration of justice in violating the RI Suspension Order by filing the *Marchetti* bankruptcy case after the entry of that order and by not diligently undertaking the required steps to protect his clients' interests in their pending bankruptcy cases.

### V. RECOMMENDATIONS ON DISPOSITION OF UST MOTION AND DISCIPLINARY SANCTIONS

#### A. UST Motion

Bankruptcy Code § 526 sets forth various remedies that can be imposed to address violations of its provisions, including injunctive relief, disgorgement of fees, an award of damages, and the imposition of sanctions. The pertinent provisions of this statute provide:

Section 526(c)(2):

> Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have—
> (A) Intentionally or negligently failed to comply with any provision of this section, section 527, or section 528 with respect to a case or proceeding under this title for such assisted person.[14]

Section 526(c)(5):

> Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal law, if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may—
> (A) enjoin the violation of such section; or
> (B) impose an appropriate civil penalty against such person.

The Consent Order proposed by the parties provides for the imposition of agreed upon sanctions to resolve the UST Motion. Based upon Attorney Howard's acknowledged violations

---

[14] Sections 527 and 528 require specified disclosures to be provided to an "assisted person" (such as a debtor) by a debt relief agency that is rendering bankruptcy assistance to such person and impose other generalized disclosure requirements on debt relief agencies.

13

of Section 526, I find these sanctions appropriate and consistent with the statute's enforcement and deterrence provisions. I recommend that the Consent Order be approved by the District Court, in addition to the disciplinary sanctions I recommend be imposed to redress Attorney Howard's violations of the Rules of Professional Conduct. In the Consent Order the parties specifically agree to the following sanctions for violations of Section 526 and the *Holly* Order.

1. That Attorney Howard and his agents, partners, servants, employees, associates, or any person or entity in active concert and participation with him shall be enjoined from acting as a debt relief agency for two years from the final entry of the Consent Order, with such injunction to continue until such time as Attorney Howard pays the civil fine to the UST and all compensation received in the bankruptcy case of the Debtor is returned to the Debtor.

2. That pursuant to R.I. Local Bankruptcy Rule 5005-4(b)(2)(C)(iv), the Clerk of the Rhode Island Bankruptcy Court revoke the CM/ECF filing privileges of Attorney Howard for two years from the final entry of the Consent Order.[15]

3. That Attorney Howard is fined a total of $10,000 in connection with the Debtor's bankruptcy case and the payment of such fine to the UST is a condition precedent to the termination or modification of the injunction against his acting as a debt relief agency.

4. That Attorney Howard (jointly and severally with Attorney Thurston) is liable for the return to the Debtor of the $1,200 fee she paid, such liability to be effective within 14 days after the final entry of the Consent Order.

5. That Attorney Howard shall arrange for the orderly transfer of his remaining bankruptcy matters to new counsel of the clients' choice.

---

[15] With regard to the revocation of Attorney Howard's CM/ECF electronic filing privileges, the UST explained that this sanction would ensure that as a practical matter Attorney Howard would not be able to represent *any parties* before the bankruptcy court during the two-year period and until satisfaction of the conditions precedent to reinstatement of such filing privileges. Because the debt relief provisions of the Bankruptcy Code are applicable only to consumer bankruptcy debtors, this additional sanction would effectuate such goal. *See In re Santana*, Doc. #60 (audio file of April 1 hearing, at 20:50-21:40).

### B. Disciplinary Sanctions

It is important to note that the sanction and enforcement provisions of Section 526 are not exclusive and do not in any way impede the power of a federal (or state) court to impose other sanctions relating to an attorney's admission to practice law before that court. Section 526(d)(2)(B) of the Bankruptcy Code makes this abundantly clear:

> No provision of this section, section 527, or section 528, shall be deemed to limit or curtail the authority or ability of a Federal court to determine and enforce the qualifications for the practice of law before that court.

Attorney Howard's violations of the Rules of Professional Conduct as discussed above are quite serious and if left unpunished would undermine the integrity of this Court and destabilize the bankruptcy system upon which so many debtors and other parties rely.

> In many ways, this case exposes the fragility of the bankruptcy system. Ours is a system built upon the principle of full and candid disclosure. Debtors must truthfully and accurately list all of their assets and all of their liabilities. Counsel must honestly and completely disclose the full nature of their relationship with their clients. Creditors must honestly and correctly calculate and state their claims. It is these disclosures which allow the public to have confidence in the system, and hopefully to believe that bankruptcy laws exist to protect the 'honest but unfortunate' debtor, that those creditors who receive funds receive only their just and proper share, and that those who represent debtors perform a service beyond satisfaction of their selfish avarice. Without those beliefs, public confidence in the bankruptcy process, and perhaps far more, is placed at risk.

*In re Lewis*, 309 B.R. 597, 602-03 (Bankr. N.D. Okla. 2004).

Upon questioning at the April 1 hearing, Attorney Howard, both through his counsel and in his own testimony, agreed that a two year suspension from the practice of law before the District Court (which would encompass practice before this Court) was a reasonable sanction for

his misconduct in violation of the Rules of Professional Conduct and that he would not oppose my recommendation of such suspension. *See In re Santana*, Doc. #60 (audio file of April 1 hearing, at 33:50-34:10; 1:10:00-1:10:30). Consistent with the time period in the Consent Order, I also recommend that Attorney Howard be suspended from the practice of law in the District Court for two years, commencing from the date of the final entry of the District Court's order in this matter, with any reinstatement of Attorney Howard to be subject to the approval of the District Court upon application. I further recommend that any such reinstatement be conditioned upon the remittance of the $1,200 fee to the Debtor and the payment of the $10,000 fine to the UST.

Date: May 1, 2015

By the Court,

*Diane Finkle*

Diane Finkle
U.S. Bankruptcy Judge